

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

November 13, 1992

Mr. Todd K. Brown
Executive Director
Texas Workers' Compensation
  Commission
4000 South IH-35
Austin, Texas 78704

Opinion No. DM-180

Re: Whether a political subdivision
is required to provide workers' com-
pensation coverage for its employees,
and related questions (RQ-401)

Dear Mr. Brown:

You ask first whether a political subdivision is required by the current workers' compensation laws to provide workers' compensation coverage for its employees. You note that Attorney General Opinion H-338 (1974) construed the provisions of the workers' compensation laws in effect at the time of that opinion's issuance to permit political subdivisions to elect to forego providing workers' compensation coverage for their employees, but argue that under the current workers' compensation laws, which were substantially rewritten in 1989, political subdivisions' provision of such coverage is mandatory. *See* Acts 1989, 71st Leg., 2d C.S., ch. 1, at 1. We agree.

Article 8309h, V.T.C.S., relating to workers' compensation insurance for employees of political subdivisions, provides in section 2(a):

> All political subdivisions of this state shall become either
> self-insurers, provide insurance under workmen's compensation
> insurance contracts or policies, or enter into interlocal
> agreements with other political subdivisions providing for self-
> insurance, extending workmen's compensation benefits to their
> employees.

The court in *Wallace v. City of Midland*, 836 S.W.2d 641 (Tex. App.--El Paso 1992, writ denied), construed these provisions to require a political subdivision "to provide workers' compensation coverage in any one of three ways" set out therein.

"Though it had some discretion in how it would fulfill the workers' compensation requirement," the court continued, "it did not have the discretion not to cover its employees in one way or another." We think no further authority is necessary for us to conclude, in response to your first question, that a political subdivision's provision of workers' compensation coverage to its employees is mandatory.

We would note, however, with reference to the conclusion of Attorney General Opinion H-338 that political subdivisions were not required to provide workers' compensation coverage, that although the quoted provisions of article 8309h, section 2(a), have not changed since that opinion's issuance, other provisions on which that opinion relied to reach its conclusion have changed. Primarily, section 3(a) of article 8309h formerly specifically adopted other provisions of the workers' compensation laws governing the rights of employees whose employers did not have workers' compensation coverage to seek relief at common law for injuries sustained on-the-job, and limiting the common-law defense available to such employers in those actions. *See* V.T.C.S. arts. 8308-3.03, 3.04 (formerly codified as V.T.C.S. art. 8306, §§ 1, 4). Attorney General Opinion H-338 took the incorporation of these provisions into those of article 8309h to indicate that political subdivisions might elect not to have workers' compensation coverage and thus to be subject to the suits at common law provided for in the incorporated provisions. Article 8309h was amended in 1989 so that it no longer incorporates such provisions for common-law suits. Acts 1989, 71st Leg., 2d C.S., ch. 1, § 15.47, at 113; *see also* V.T.C.S. art. 8308-3.23(a), added in 1989 revision, providing that employers, *"except for public employers* and as otherwise provided by law," "may elect to obtain workers' compensation insurance coverage." (Emphasis added.)

Your next question is predicated on a negative response to your first question. We thus need not address it.

Your third question is:

> If a political subdivision elects to become a self-insurer, is it subject to any requirements similar to those applied to private employers in Art. 8308-3.51 to 3.70?

Section 3(a)(3) of article 8309h specifically indicates that article does not adopt the provisions on self-insurance regulation contained in article 3, chapter D, of the general workers' compensation law, article 8308. Article 8308, chapter D, provides for a division of self-insurance regulation within the Workers'

Compensation Commission, certification of self-insurers, reporting requirements, taxes and fees. We can only conclude from the specific exclusion of these provisions from those adopted by section 3(a)(3) of article 8309h that the legislature did not intend that political subdivisions which elect to meet the article 8309h, section 2(a), coverage requirement by self-insuring, be subject to the generally applicable self-insurance regulation provisions of article 8308, subchapter D.

However, in providing coverage through self-insurance, political subdivisions would be subject to the other provisions of the general compensation laws which are adopted by section 3(a)(3) of article 8309h, "except to the extent that they are inconsistent with th[e] article." The adoption provisions of section 3(a)(3) indicate that, generally speaking, a political subdivision's self-insurance plan must comport with all of the provisions of the general compensation law, article 8308, except certain article 2 provisions relating to the financing of the Workers' Compensation Commission, the provisions of article 3, chapters B, C, and D, respectively, relating to "security procedures," "commercial insurance," and "self-insurance-regulation," and the section 4.01 provisions regarding exemplary damages. Thus, for example, a political subdivision's self-insurance plan must, generally speaking, comply with the coverage and benefits provisions of article 3 and 4 of article 8308. We do not think it appropriate in the opinion process, however, to attempt to itemize and discuss every provision of the general compensation law, or of other law, which a political subdivision should take account of in structuring a self-insurance plan. Nor can we anticipate situations where such provisions might or might not be relevant. Such matters should be worked out by consultation between a political subdivision and its counsel.

## S U M M A R Y

Political subdivisions of the state are required to provide workers' compensation coverage for their employees.

Very truly yours,

DAN MORALES
Attorney General of Texas

**WILL PRYOR**
First Assistant Attorney General

**MARY KELLER**
Deputy Assistant Attorney General

**RENEA HICKS**
Special Assistant Attorney General

**MADELEINE B. JOHNSON**
Chair, Opinion Committee

Prepared by William Walker
Assistant Attorney General